FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 06 2009 ★

BROOKLYN OFFICE

TABAK, MELLUSI & SHISHA LLP
29 Broadway
New York, New York 10006
Attorneys for Plaintiff
Tel: (212) 962-1590
Fax: (212) 385-0920

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
NORMAN ADLER.

                Plaintiff,

- against -

SEALIFT, INC. and SEALIFT
TANKSHIPS LLC

                Defendants.
-----------------------------------X



09-3406

**COMPLAINT**

**BLOCK, J.**

**Plaintiff Demands
Trial by Jury**

## ACTION UNDER SPECIAL RULE FOR SEAMEN TO
## SUE WITHOUT SECURITY OR PREPAYMENT OF FEES

Plaintiff, NORMAN ADLER, respectfully states and alleges upon information and belief:

1.    Jurisdiction is predicated under the Jones Act 46 U.S.C. § 10304, and under 28 U.S.C. § 1333 general maritime and admiralty law.

### FIRST CAUSE OF ACTION – JONES ACT AND UNSEAWORTHINESS

2.    Sealift, Inc. (hereinafter "Sealift") was and is a corporation licensed to and/or doing business in the State of New York.
3.    Sealift Tankships, LLC (hereinafter "Tankships"), was and is a limited liability corporation, licensed to and/or doing business in the State of New York.

4. At all relevant times Sealift owned the MV NOBLE STAR.

5. At all relevant times Sealift operated the MV NOBLE STAR.

6. At all relevant times Sealift managed and controlled the MV NOBLE STAR.

7. At all relevant times Sealift hired the crew of the MV NOBLE STAR.

8. At all relevant times plaintiff was in the employ of Sealift in the capacity of a seaman and member of the crew of the MV NOBLE STAR.

9. At all relevant times Tankships owned the MV NOBLE STAR.

10. At all relevant times Tankships operated the MV NOBLE STAR.

11. At all relevant times Tankships managed and controlled the MV NOBLE STAR.

12. At all relevant times Tankships hired the crew for the MV NOBLE STAR.

13. At all relevant times plaintiff was in the employ of Tankships in the capacity of a seaman and a member of the crew of the MV NOBLE STAR.

14. On or about October 3, 2007 plaintiff sustained trauma to, inter alia, his left shoulder while attempting to remove stores from the storeroom. .

**COMPLAINT**

15. That the defendants were negligent in that they failed to properly maintain the freezer box and failed to line the shelves; failing to monitor ice build up and allowing the cartons to get frozen in place causing plaintiff to have to pull, strain and injure his left shoulder while attempting to free up a box in the freezer that was frozen in place.

16. The acts and/or omissions stated above rendered the MV NOBLE STAR unseaworthy

17. As a result of, the foregoing, plaintiff was rendered, sick sore and disabled, required medical care and attention, suffered loss of earnings and will continue to suffer pain and suffering in the future in an amount to be proven at trial.

**SECOND CAUSE OF ACTION – MAINTENANCE AND CURE**

18. That the plaintiff repeats and realleges all of the foregoing paragraphs of the complaint numbered 1 through 17, inclusive, with the same force and effect as if herein set forth at length.

19. As a result of injuries sustained aboard the PAGE aforesaid, plaintiff was entitled to receive maintenance and cure benefits.

20. Plaintiff has not been properly or adequately been provided with maintenance and cure benefits and has sustained damages in an amount to be proven at trial.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly and severally on the First and Second Causes of action in an amount to be proven at trial, together with costs and disbursements of this action.

**COMPLAINT**

Dated:   July 30, 2009

                              TABAK, MELLUSI & SHISHA LLP
                              Attorneys for Plaintiff

BY: _____
                              JACOB SHISHA (JS 5452)
                              29 Broadway, Suite 2311
                              New York, NY 10006
                              (212) 962-1590

**COMPLAINT**